## WHITE v. PROVIDENCE HOSPITAL.

### Civ. A. No. 9803.

District Court of the United States for the District of Columbia.

May 21, 1943.

Albert Brick, of Washington, D. C., for plaintiff.

D. W. O'Donoghue, Jr., of Washington, D. C., for defendant.

EICHER, Chief Justice.

This cause came on for hearing on the Motion for Summary Judgment filed by defendant, and upon consideration of the pleadings, of the affidavit filed in support of the Motion for Summary Judgment, and of the facts stated and admitted at the said hearing, the Court made the following

### Findings of Fact

[1, 2] Plaintiff's intestate, one Andrew White, while employed in the United States Department of Agriculture, became ill in the course of his employment. Defendant, Providence Hospital, was party to a contract with the United States Public Health Service to supply hospitalization to employees of the United States who became ill or were injured as a result of their employment and who were sent to said defendant by the United States Public Health Service. Plaintiff's intestate was sent to the defendant hospital under the terms of the said contract and placed in a bed in a ward. He was under the medical care of the physicians of the United States Public Health Service. By virtue of the said contract, Andrew White was entitled to such ward room and hospital facilities for which the contract price was $2.75 per day; and this sum was paid to the defendant by the United States Public Health Service. Plaintiff's intestate was suffering from a high fever and was at times delirious. Plaintiff claims and defendant admits for the purpose of this motion that White got out of bed while in the ward and walked around in a dazed or delirious state and that defendant's nurses or employees knew or by the exercise of reasonable care should have known that White did this. Several days after admittance, the attending doctors thought White might have undulant fever or some other contagious disease and requested that he be transferred to a private room, whereupon he was placed in a private room, the ordinary charge for which was over $5 per day. Sideboards were placed on his bed. He was under the care of the regular floor nurses of the hospital, acting under the direction of the United States Public Health Service physicians. No special nurse was ordered or provided by the said United States Public Health Service. While no one was in the room, White, apparently climbing from the bed over the sideboards, jumped through a window. Nurses had been in his room just previously and nurses were in the corridor outside White's room when he jumped, but not in the room itself. He fell four floors to the ground, was severely injured, and as a result of said injuries, shortly afterwards died.

The defendant, Providence Hospital, is a charitable institution, not operated for profit. The amount paid for the care of plaintiff's intestate did not adequately compensate the defendant for the hospital accommodation and facilities rendered.

## Conclusions of Law

Plaintiff's intestate was not a stranger to the charitable purposes and objects for which defendant was organized and was being operated.

Defendant, as a charitable institution, is not liable to plaintiff for the alleged negligence of nurses on duty at the hospital acting in their professional capacity and is immune from liability for the results of the alleged negligence of the said nurses, there being no claim that they were negligently selected by defendant, or that defendant itself was negligent.

## Judgment of the Court

On the basis of the foregoing findings of fact and conclusions of law, it is by the Court this 21st day of May, 1943, Adjudged, Ordered and Decreed that the Motion of defendant Providence Hospital for Summary Judgment be and it hereby is granted and that plaintiff's action be and it hereby is finally dismissed with prejudice.